BANGKOK CRAFTS CORPORATION,
Plaintiff/Counterclaim Defendant,

v.

CAPITOLO DI SAN PIETRO IN VATI-
CANO, Defendant/Counterclaimant.

Capitolo Di San Pietro in Vaticano,
Defendant/Counterclaimant,

v.

Treasures of St. Peter's in the Vatican
Ltd., et al., Additional Counterclaim
Defendants.

No. 03 Civ.0015(RWS).

United States District Court,
S.D. New York.

July 6, 2005.

Greenberg Traurig, LLP., New York, NY, (James H. Donoian, Scott Gelin, Gregory A. Nyles, Valerie W. HO, of counsel), for Third–Party Plaintiffs E–21 Global, Inc., Craig Franco and Maxx International, Inc.

Meringolo & Associates, P.C., Brooklyn, NY (John Meringolo, of counsel) for Counterclaim Defendant New Renaissance Art, Inc.

## OPINION

SWEET, District Judge.

On April 12, 2005, third-party plaintiffs E–21 Global Inc. (a.k.a. Magi XXI, Inc.) ("E–21"), Craig Franco ("Franco"), and Maxx International ("Maxx") (collectively, the "Third–Party Plaintiffs") moved for an order disqualifying John Meringolo ("Meringolo") as counsel to counterclaim defendant New Renaissance Art, Inc. ("New-Ren"). For the reasons set forth below, the motion is denied.

### Prior Proceedings

On August 23, 2004, this Court granted the motion of third-party defendant Gerald

P. Colapinto ("Colapinto") and Second Renaissance, LLC ("SRLLC") to dismiss fraud claims asserted by NewRen and the Third–Party Plaintiffs on the grounds that they had failed to plead the facts underlying their claims with requisite particularity pursuant Rule 9(b), Fed.R.Civ.P. *See Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 331 F.Supp.2d 247 (S.D.N.Y.2004). On September 7, 2004, Global, Franco, Maxx, and NewRen moved, *inter alia*, for leave to amend the third-party complaint. On September 29, 2004, the Court signed a stipulation and order withdrawing the September 7 motion.

On October 27, 2004, the Court granted Meringolo's motion to withdraw as counsel to E–21, Franco, Maxx, and NewRen. On December 30, 2004, an order was signed permitting Greenberg Traurig, LLP to appear as counsel for E–21, Franco, and Maxx. During the week of January 24, 2005, Meringolo was re-engaged by NewRen. On February 16, 2005, the Court granted the motion of Richard M. Greene to withdraw as co-counsel to NewRen. On February 3, 2005, the Third–Party Plaintiffs renewed their motion to file an amended third party complaint against Colapinto, SRLLC, and additional counterclaim defendants Bangkok Crafts Corporation ("BCC") and Treasures of St. Peter's in the Vatican ("TSV"). On February 28, 2005, Colapinto and SRLLC filed opposition to the Third–Party Plaintiffs' renewed motion. On February 22, 2005, Meringolo and David Newren—founder, president, and sole shareholder of NewRen—filed declarations in support of Colapinto's and SRLLC's opposition to Third–Party Plaintiffs' renewed motion. On March 9, 2005, Meringolo filed a supplemental declaration concerning the Third–Party Plaintiffs' renewed motion.

The instant motion was filed on March 12, 2005. It was heard and marked fully submitted on May 25, 2005. On June 6, 2005, an order was entered (1) determining that Meringolo's February 22, 2005 declaration had improperly disclosed communications between and among the Third–Party Plaintiffs and their counsel, and (2) requiring, *inter alia*, that Meringolo and all parties to the action and their counsel return to counsel for the Third–Party Plaintiffs all copies of the communications at issue.

### Discussion

The gravamen of the Third–Party Plaintiffs' motion is that Meringolo has breached his duty of loyalty to them by (1) withdrawing the September 4, 2004 motion for leave to amend without their consent, (2) opposing (on his own behalf and on behalf of NewRen) their renewed motion for leave to amend, and (3) improperly disclosing their privileged communications in connection with that opposition. According to the Third–Party Plaintiffs, Meringolo should be disqualified because the above-described acts constitute violations of Canon 5 of New York's Code of Professional Responsibility. *See* N.Y.Code of Professional Responsibility DR 5–105, N.Y. Comp.Code R. & Regs. tit. 22, § 1200.24(a), (b).

Meringolo argues that disqualification is inappropriate because: (1) NewRen does not have any claims that are adverse to those of the Third–Party Plaintiffs; (2) the Third–Party Plaintiffs have no interest in the outcome of the claims of the Capitolo Di San Pietro in Vaticano ("Capitolo") against NewRen, and (3) NewRen has no interest in the outcome of the Third–Party Plaintiffs' claims against SRLLC, Colapinto and the other third-party defendants.

The Second Circuit has stated that:

.[t]he authority of federal courts to disqualify attorneys derives from their inherent power to "preserve the integrity of the adversary process." *Bd. of Educ.*

*v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979).... Although our decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, *see, e.g., Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225, 227 n. 2 (2d Cir.1977); *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 518 F.2d 751, 753 (2d Cir. 1975), such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification....

*Hempstead Video, Inc. v. Incorporated Village of Valley Stream,* 409 F.3d 127, 132 (2d Cir.2005).

■■■■ Motions to disqualify counsel have long been disfavored in this Circuit. *See, e.g., Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791–92 (2d Cir.1983) (enumerating the reasons for which disqualification motions are disfavored); *Bennett Silvershein Assoc. v. Furman,* 776 F.Supp. 800, 802 (S.D.N.Y.1991) ("The Second Circuit has indeed been loathe to separate a client from his chosen attorney ....") (collecting cases). "Disqualification motions are often made for tactical reasons, and thereby unduly interfere with a party's right to employ counsel of his choice." *Skidmore v. Warburg Dillon Read L.L.C.,* No. 99 Civ. 10525(NRB), 2001 WL 504876, at *2 (S.D.N.Y. May 11, 2001) (citing *Nyquist,* 590 F.2d at 1246). Moreover, disqualification motions, "even when made in the best of faith ... inevitably cause delay." *Evans,* 715 F.2d at 792 (quoting *Nyquist,* 590 F.2d at 1246). A "high standard of proof" is therefore required from one who moves to disqualify counsel. *Id.* at 791 (quoting *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 739 (2d Cir.1978)). The appearance of impropriety alone does not warrant disqualification. *See Nyquist,* 590 F.2d at 1246–47. Rather, "unless an attorney's conduct tends to 'taint the underlying trial' ... by disturbing the balance of the presentations ..., courts should be quite hesitant to disqualify an attorney." *Id.* at 1246 (quoting *W.T. Grant Co. v. Haines,* 531 F.2d 671, 678 (2d Cir.1976)).

It has been stated that

[o]nly two readily identifiable situations raise the specter that the litigation will be tainted if one side's counsel is permitted to remain in the case: when the challenged attorney is concurrently representing adverse interests so that his vigor in pursuing the interests of one of them is questionable, *see, e.g., Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225 (2d Cir.1977); or when the attorney's successive representation of adverse interests raises the possibility that in the present matter he will improperly use confidences gained in the prior representation to the detriment of his former client, *see, e.g., Cheng v. GAF Corp.,* 631 F.2d 1052 (2d Cir.1980), *vacated on other grounds and remanded,* 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981).

*U.S. Football League v. National Football League,* 605 F.Supp. 1448, 1452 (S.D.N.Y. 1985).

■■■■ Here, it is not clear that the interests of NewRen are adverse to those of Meringolo's former clients. To be sure, by filing the February 22, 2005 declarations, Meringolo and NewRen have taken positions that are at odds with those of Meringolo's former clients. In attempting to undermine the interests of his former clients in this way, Meringolo may well have violated state disciplinary rules and the local civil rules of this district.

However, the Third–Party Plaintiffs have failed to carry the "heavy burden of proving facts" sufficient to establish that the interests of NewRen are adverse to those of Meringolo's former clients. *See Evans,* 715 F.2d at 794 (2d Cir.1983) (citing *Government of India,* 569 F.2d at 739). The Third–Party Plaintiffs have not seri-

ously controverted Meringolo's assertion (1) that NewRen does not have any claims that are adverse to those of the Third–Party Plaintiffs, (2) that the Third–Party Plaintiffs have no interest in the outcome of Capitolo's claims against NewRen, and (3) that NewRen has no interest in the outcome of the Third–Party Plaintiffs' claims against SRLLC, Colapinto and the other third-party defendants.

Based on the foregoing, the Third–Party Plaintiffs' motion to disqualify Meringolo is hereby denied. Leave is granted to the Third–Party Plaintiffs to renew their motion to disqualify in the event that the posture of the parties changes such that NewRen's interests become demonstrably adverse to those of the Third–Party Plaintiffs.

It is so ordered.